POPNOE et al. v. CORBIN, County Judge, et al.

No. 2710.

Court of Civil Appeals of Texas. Eastland.

Nov. 12, 1948.

Rehearing Denied Dec. 3, 1948.

Allred & Boedeker, of Lubbock, for appellants.

Vernon D. Adcock, of Lamesa, for appellees.

LONG, Justice.

On May 22, 1948, an election was held in both Harmony Independent School District in Dawson County and O'Donnell Consolidated Independent School District in Lynn and Dawson Counties at which election the majority of the voters in each district voted in favor of consolidating said districts for school purposes. This suit was instituted by J. W. Popnoe and five other residents of Harmony District contesting said election. Upon a trial, judgment was entered upholding said election and declaring it to be valid in all respects. From the judgment, Popnoe and three of the contestants have appealed.

The main contention urged by contestants is that the County Judge of Dawson County ordered the election without a petition being presented to him praying for such election.

It was established conclusively upon the trial that Judge Kilmer B. Corbin, County Judge of Dawson County, signed the order for the election and the notices thereof about 10:00 or 10:30 o'clock on the night of April 30, 1948 in the office of the County Attorney of said county where he left them until the next morning. The order is dated May 1, 1948.

Article 2806, Ver.Ann.Civ.Stat. provides in part as follows: "On the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous common school districts, or contiguous independent school districts, or one or more independent school districts and one or more common school districts constituting as a whole one continuous territory, praying for the consolidation of such districts for school purposes, the County Judge shall issue an order for an election to be held on the same day in each such district. The County Judge shall give notice of the date of such elections by publication of the order in some newspaper published in the county for at least twenty (20) days prior to the date on which such elections are ordered, or by posting a notice of such elections in each of the districts, or by both such publication and posted notice as may be elected by the County Judge. The Commissioners Court shall, at its next meeting, canvass the returns of such elections, and if the votes cast in each and all districts show a

majority in each district voting separately in favor of such consolidation, the Court shall declare the school districts consolidated. Provided that if any such district or districts are situated wholly in a county other than the county or counties embracing any other such district or districts the petitions and election orders prescribed in this Act shall be addressed to and issued by the respective County Judges of the respective counties in which such districts respectively lie, each County Judge ordering the election for the district or districts in his county, and the Commissioners Courts of such respective counties shall canvass the returns and declare the results of the elections in the district or districts of their respective counties. Where one or more independent school districts are consolidated together or with one or more common school districts the consolidated districts shall constitute an independent school district, and shall have all the rights, powers, and privileges granted to independent school districts by the laws of this State."

■ The proceeding calling for the election is regular on its face. The controlling question presented is when did the County Judge of Dawson County issue the order for the election. It is undisputed that at the time he affixed his signature to the order for the election on the night of April 30, 1948, there had not been presented to him a petition signed by twenty of the legally qualified voters of the Harmony District. If it should be held that he issued the order for the election at the time he affixed his signature thereto, then the election was invalid. The County Judge had no authority or jurisdiction to call the election until he had been presented with a petition as required by Article 2806. A petition bearing a sufficient number of qualified voters was presented to Judge Corbin on the morning of May 1, 1948, at which time he endorsed thereon: "Filed this the 1st day of May, 1948. Kilmer B. Corbin, County Judge."

■ After such petition had been presented to the County Judge, the notices of the election were placed in the hands of one of the patrons of the Harmony

School and he thereafter, on the same day, posted them at three places in the Harmony District. It is our opinion that an order was not issued calling the election until after the petition therefor was presented to the County Judge. Issue is defined in Black's Law Dictionary thus: "To send forth; to emit; to promulgate; to put in circulation."

An order for an election is issued when it is given out, made public or promulgated. The act of the County Judge in affixing his signature to the order did not issue a call for the election until such order was made public or promulgated. It was not made public or promulgated until the next day when the notices of the election were placed in the hands of one of the school patrons and posted by him in the Harmony District. In other words, we think the judgment of the trial court can be sustained upon an implied finding that the order calling the election was left in the office of the County Attorney after it was signed by the County Judge and nothing was done to put it into effect or to make it public until after the County Judge had been presented with the petition for the election. See 22 Words & Phrases, Perm. Ed., Issue, page 703; State ex rel. Elston et al. v. Parish Democratic Executive Committee for Parish of Plaquemines, et al. 173 La. 844, 138 So. 857.

We believe that this case is controlled by the law governing the issuance of executions. In the case of Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002, 1010, this court, speaking through Judge Grissom, held: "We recognize the established law that issuance of an execution means more than the mere clerical preparation and attestation of the writ; that for an execution to be 'issued' it is required that the writ be delivered to an officer for enforcement. 18 Tex.Jur. 577; 33 C.J.S. Executions, § 67, p. 208; Cotten v. Stanford, Tex.Civ.App., 147 S.W.2d 930; General American Life Ins. Co. v. Ramp, 135 Tex. 84, 92, 138 S.W.2d 531; Harrison v. Orr, Tex.Com.App., 296 S. W. 871, 875; Bourn v. Robinson, 49 Tex.Civ.App. 157, 107 S.W. 873."

**199**

We have the same situation here. The County Judge did not "issue an order for the election" until after the petition was presented to him. He merely affixed his signature thereto and left it in the office of the County Attorney. The order was not published, promulgated or put into effect until the next day after the petition for the election had been presented to the County Judge. The election was in all respects valid and the judgment of the trial court is correct.

The judgment is affirmed.