586 P.2d 317

**SOCORRO LIVESTOCK MARKET, INC.,
Plaintiff-Appellee,**

v.

**Willie ORONA, Defendant-Appellant.**

**No. 11791.**

Supreme Court of New Mexico.

Nov. 9, 1978.

Houston, Housman, Freeman & Dawe, R. Thomas Dawe, Albuquerque, for defendant-appellant.

John R. Gerbracht, Socorro, for plaintiff-appellee.

OPINION

SOSA, Justice.

The sole question presented in this case is whether or not a party notified by mail of judgment entered against him can take advantage of the three-day extension provision set forth in N.M.R.Civ.P. 6(e) [§ 21–1–1(6)(e), N.M.S.A.1953 (Repl.1970)]. We hold he cannot.

On August 29, 1977 judgment was entered against appellant in the Magistrate Court of Socorro County. A photocopy of the judgment was mailed to appellant. Thereafter, appellant filed a notice of appeal to the District Court of Socorro County on September 14, 1977. This was sixteen days after entry of the magistrate court judgment. The district court granted appellee's motion to dismiss the appeal. The basis for its ruling was that the notice of appeal was not filed within fifteen days after entry of judgment as required by N.M.Magis.R.Civ.P. 37 [§ 36–22–37, N.M.S.A.1953 (Supp.1975)].

Rule 37 provides in pertinent part:

(a) *Right of Appeal.* If a party is aggrieved by the final order in a civil action, he may appeal to the district court of the county within which the magistrate court is located within fifteen days after entry of the judgment or final order.

(b) *Notice of Appeal.* An appeal from the magistrate court is taken by filing with the clerk of the district court a notice of appeal.

Rule 6(e) of the Rules of Civil Procedure provides:

(e) *Additional Time After Service By Mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three [3] days shall be added to the prescribed period.

Appellant asserts that since the photocopy of the August 29, 1977 judgment was a "paper" served upon him by mail, the situation is within the parameters of Rule

6(e) and that the time to file the notice of appeal should be extended three days beyond the required fifteen days. Appellee counters that Rule 6(e) is inapplicable because it only deals with pleadings by a party to a law suit. Appellee argues that Rule 37 establishes a fixed fifteen-day period after the entry of a judgment during which an aggrieved party may appeal.

Case law heavily favors appellee. In *Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir. 1975) it was stated:

> However, Rule 6(e) has no application when computing time for a notice of .appeal. The time for appeal starts to run from *entry of judgment.* Rule 6(e) only applies to enlarge periods of time in which a party has to act after *service of a notice* by mail.

(Citations omitted.)

The court in *Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858 (3d Cir. 1970) was faced with a situation similar to that presently before us. In that case appellant asserted that since the clerk had notified the parties by mail of entry of judgment, he should have three additional days within which to file a motion to vacate the judgment entered and for a rehearing. The court rejected appellant's contention; it concluded that Rule 6(e) did not apply to that situation nor did Rule 6(e) extend the time for service of the motion. *See also* 2 Moore's Federal Practice ¶ 6.12, at 1500.209 (2d ed. 1948).

We hold that appellant had fifteen days from the date of *entry* of the August 29, 1977 judgment against him within which to file ᐧhis notice of appeal with the district court. Because he was not served with any pleading by a party to the law suit, he was not entitled to an additional three days. Appellant did not file his notice of appeal within the required fifteen-day period. The district court's dismissal of his appeal was proper; therefore, the decision of the district court is hereby affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE, J., concur.