762 P.2d 256

**Delfino BORREGO, the Estate of Manuel Borrego, Mrs. Manuel Borrego and Henry Borrego, Petitioners,**

**v.**

**EL GUIQUE COMMUNITY DITCH ASSOCIATION, a/k/a La Acequia De San Rafael Del Guique, Respondent.**

**No. 17852.**

Supreme Court of New Mexico.

Oct. 7, 1988.

John Paul Gallegos, Santa Fe, for petitioners.

Patrick A. Casey, Santa Fe, for respondent.

## OPINION

RANSOM, Justice.

This case is before the Court on certiorari to the court of appeals to review the

affirmance of the order of the trial court granting a permanent injunction, and awarding attorney fees. We affirm in part and reverse in part.

On August 28, 1987, El Guique Community Ditch Association (El Guique) petitioned to enjoin Delfino Borrego and Henry Borrego, along with the Estate of Manuel Borrego and Mrs. Manuel Borrego, from interfering with the construction of a concrete lining for a community irrigation ditch. The Borregos were specifically charged with preventing or threatening to prevent survey crews and construction parties from working on Borrego property. That same day, District Judge Encinias issued an order for the Borregos to appear before the court on September 3 to show cause why a preliminary injunction should not issue.

On September 1, Henry Borrego filed an affidavit disqualifying Judge Encinias.[1] By statute, a party has a right to exercise a peremptory challenge to the district judge before whom a proceeding is to be heard. NMSA 1978, § 38-3-9 (Repl.Pamp.1987). "After the exercise of a peremptory challenge, that district judge shall proceed no further." *Id.* Judge Copple was assigned as the district judge before whom the proceeding was to be heard.

On September 3, prior to the scheduled show cause hearing, Delfino Borrego filed an affidavit disqualifying Judge Copple. Citing the rule that "No judge may be excused from hearing preliminary matters prior to trial," SCRA 1986, 1-088.1(A), Judge Copple found that the affidavit of Delfino Borrego had no effect on his hearing the order to show cause why a preliminary injunction should not issue. He proceeded with the hearing and, on September 4, Judge Copple entered a preliminary injunction restraining the Borregos from blocking and interferring with the surveys and construction of the concrete lining of the ditch.

---

1. The statutory right of disqualification may be exercised by filing a peremptory election to excuse within ten days after a defendant's entry of appearance or filing of defendant's first pleading. SCRA 1986, 1-088.1(B).

On September 4, effective September 3, the cause was reassigned to Judge Serna who, on November 2, in furtherance of the preliminary injunction entered by Judge Copple, ordered the sheriff to accompany the survey crews to the Borrego property and provide security. On November 5, Judge Serna found Delfino Borrego in contempt for breach of the preliminary injunction, and ordered his arrest.

The record is unclear as to whether the survey crews then proceeded to enter the Borrego property. On February 23, 1988, Judge Serna entered a final order that in pertinent part provided:

This matter having come before the Court on Petitioner's Motion for Contempt and Petition for Injunctive Relief, and the Court having heard the testimony of the parties and having considered all the evidence presented and being well advised in the premises, and the Court having further considered Petitioner's Motion for Reconsideration of Attorney's Fees, Costs, and Sanctions, hereby finds:

1. Despite the attempted disqualification by Respondent, Henry [sic] Borrego, of the Honorable Roger Copple, the Preliminary Injunction issued by Judge Copple prohibiting Respondents from interfering, obstructing, or in any way halting construction of the Velarde Community Ditch Project referred to herein is valid and of binding effect.

2. Henry Borrego and Delfino Borrego are not legally trained and, therefore, appear to be proceeding in good faith in this matter.

\* \* \* \* \* \*

10. The Velarde Community Ditch Project has been delayed for too long by Henry Borrego and Delfino Borrego. Such actions by the Borregos will come to a halt immediately.

THEREFORE, THIS COURT HEREBY enters a Permanent Injunction against Respondents prohibiting them from interfering with, obstructing, or in any way harrassing the personnel participating in the Velarde Community Ditch Project. This includes surveying and all other aspects of construction on the Project. Any interference by Henry Borrego or Delfino Borrego, their agents, servants, or employees will result in an immediate Bench Warrant for their arrest.

\* \* \* \* \* \*

Due to the pattern and practice of Henry Borrego and Delfino Borrego of a) refusing to open and read their mail, b) refusing to cooperate and participate in discussions and meetings concerning the Velarde Community Ditch Project and c) failing to appear before the Court by deliberately refusing to read their mail, this Court finds Henry Borrego and Delfino Borrego in contempt of this Court.

The Court awards Petitioner $3,000.00 in attorney's fees, one-half or $1,500.00, plus applicable gross receipts tax, to be paid by Respondent, Henry Borrego and one-half, or $1,500.00, plus applicable gross receipts tax, to be paid by Respondent, Delfino Borrego. The Court also mandates that any future participation in the affairs of the El Guique Ditch Association by Henry Borrego or Delfino Borrego is contingent on payment of their ditch association dues, past and present, and they are directed to pay forthwith all past due ditch association fees and shall cooperate with Petitioner in meeting to work out a payment plan for the sums due the Ditch Association.

Appealing from this order to the court of appeals, Delfino and Henry Borrego raised the issue whether Judge Copple had jurisdiction to hear the petition for injunctive relief after having been disqualified. The court of appeals assigned the case to its summary calendar, affirmed the order of the trial court granting a permanent injunction, and, finding that the appeal was frivolous and for purposes of delay, awarded damages to appellee in the sum of $300.

Prior to June 1, 1988, Rule 1–088.1(A) provided that "No judge may be excused from hearing preliminary matters prior to trial." SCRA 1986, 1–088.1(A). On June 1, this Court amended Rule 1–088.1(A) by deleting the quoted language. It was that language that the district judges and the court of appeals relied upon to deny the

efficacy of Delfino Borrego's disqualification of Judge Copple to hear the show cause proceeding and to enter the preliminary injunction. In this regard, the lower courts erred. A proceeding for a preliminary injunction is not a "mere formal act" such as has been contemplated to fall within the "preliminary matter" language of former Rule 1–088.1(A). *See Pueblo of Laguna v. Cillessen & Son, Inc.,* 101 N.M. 341, 682 P.2d 197 (1984) (order for consolidation of arbitration proceeding required exercise of judicial discretion and was therefore without legal effect when entered by a properly disqualified judge); *State v. James,* 76 N.M. 376, 415 P.2d 350 (1966) (mere signing of certificates seeking attendance and testimony of nonresident witnesses was a formal act, and could be properly performed by a disqualified judge); *State v. Compton,* 57 N.M. 227, 257 P.2d 915 (1953) (act of disqualified judge in drawing of emergency panel of jurors was a formal act and thus proper); *cf., State v. Nagel,* 185 Or. 486, 202 P.2d 640 (1949) (disqualified judge acted properly when he summoned additional jurors for jury panel and excused certain jurors upon assertion of their right to be excused; however, reviewing court would not hesitate to reverse conviction had disqualified judge taken any part in the qualification or selection of jurors to try the defendant).

By the time of the hearing on a permanent injunction, however, the Borregos apparently had yet to accede to or have their property affected by the preliminary injunction. No showing has been made that the permanent injunction was the fruit of the preliminary injunction.

Therefore, we affirm the permanent injunction, but we reverse the award of attorney fees in the sum of $3,000 which we deem to be the fruit of Judge Copple having wrongfully proceeded beyond mere formal acts after having been disqualified. We reverse the $300 in attorney fees awarded by the court of appeals. The point raised and considered on appeal was not frivolous.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.

SCARBOROUGH, C.J. not participating.