824 P.2d 324

Glenda Fay WINEMAN,
Claimant–Appellant,

v.

KELLY'S RESTAURANT, and Mountain
States Mutual Casualty Company,
Respondents–Appellees.

No. 12674.

Court of Appeals of New Mexico.

Nov. 12, 1991.

Curtis R. Gurley, Victor A. Titus, P.C., Farmington, for claimant-appellant.

Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson, & Schlenker, P.A., Albuquerque, for respondents-appellees.

## OPINION

CHAVEZ, Judge.

Worker appeals an order of the Workers' Compensation Administration (WCA) granting employer's motion for summary judgment and dismissing her compensation claim with prejudice. Worker maintains the WCA erroneously refused to give effect to her peremptory challenge of Judge Wiltgen, the judge assigned to decide her claim. In addition, worker raises several other issues. We hold the WCA should have honored worker's peremptory challenge, and reverse on that basis. We need not address worker's other issues.

This case was originally assigned to Judge Gregory D. Griego. Employer peremptorily challenged Judge Griego within ten days of the assignment. On February 27, 1990, the WCA issued a notice of reassignment to Judge Wiltgen. Worker filed a peremptory challenge to Judge Wiltgen on March 8, 1990. Judge Wiltgen, however, refused to honor the challenge, based on his interpretation of Rule XXIII of the WCA's formal hearing rules. Formal Hearing Rule XXIII, New Mexico Dep't of Labor, Workers' Compensation Administration (June 1989).

Rule XXIII(C) provides, in pertinent part, as follows:

(1) The right to excuse a Workers' Compensation Judge shall be exercised not later than ten (10) days from the date that the Notice of Judge Assignment is issued by the Clerk. The failure to exercise the right within ten (10) days shall constitute a waiver of the right. Any party who is joined after the initial Notice of Judge Assignment shall exercise

the statutory right to excuse not later than ten (10) days after entry of the order joining that party.

(2) A provisional challenge to excuse a Workers' Compensation Judge is permitted. Provisional challenge would excuse a judge who may be assigned to the case in the event that any other party disqualifies the previously assigned Workers' Compensation Judge in a timely fashion. Any provisional challenge to excuse a Workers' Compensation Judge shall be exercised within ten (10) days from the date the initial Notice of Judge Assignment is issued by the Clerk.

\* \* \* \* \* \*

(4) Failure to exercise a peremptory challenge or provisional challenge consistent with the terms of this rule shall constitute a waiver of the right to exercise a peremptory challenge or provisional challenge.

This rule was applied in the following fashion: Employer challenged the assigned judge within ten days of the initial notice of judge assignment. Worker did not file a provisional challenge to any judge. Instead, worker waited for another judge to be assigned, and then within ten days of the second notice of judge assignment, worker challenged Judge Wiltgen, the subsequently-assigned judge. The WCA did not recognize the challenge to Judge Wiltgen because, according to the WCA, the rule required worker to file a provisional challenge to exercise worker's peremptory challenge. In other words, according to the WCA, there are only two ways for parties to peremptorily challenge a workers' compensation judge. A party may challenge the first judge assigned within ten days of the notice of judge assignment. In the alternative, if the party does not wish to challenge the first judge, the party may file a provisional challenge to a different judge, anticipating the possibility that the opposing party will challenge the first judge. This provisional challenge must be filed within ten days of the initial notice of judge assignment, whether or not the first judge has already been challenged and whether or not the party has reason to

believe the first judge will be challenged. The WCA's position is that a party may not wait to find out that the first judge has been challenged and until a different judge is assigned, and then challenge the second judge. Failure to challenge the first judge or to provisionally challenge any other judge, according to the WCA, constitutes waiver of the right to challenge one judge.

Worker argues that the rule does not mandate a provisional challenge as the only means of challenging a subsequently-assigned judge. Worker maintains a party may choose to exercise a provisional challenge or may wait until a new judge is assigned and then peremptorily challenge that judge. In the alternative, worker argues that if the rule requires a provisional challenge as the only means of challenging a subsequently-assigned judge, the rule violates the statutory mandate that each party to a workers' compensation proceeding be allowed to peremptorily challenge one judge. NMSA 1978, § 52–5–5(D) (Cum. Supp.1990). Because we agree with worker's interpretation that the rule does not require a provisional challenge as the sole means of challenging a subsequently-assigned judge, we need not address the latter argument.

█ The WCA is authorized to adopt reasonable rules and regulations governing the conduct of its proceedings. NMSA 1978, § 52–5–4 (Cum.Supp.1990). These procedural rules should be definite and certain so the parties know what is expected of them. *See Milosevich v. Board of County Comm'rs,* 46 N.M. 234, 239, 126 P.2d 298, 301 (1942) (rules of practice should be definite and certain so that all litigants may be assured of the same treatment). In interpreting Rule XXIII, we apply a canon of construction used to interpret statutes, and give effect to the plain meaning of the words used in the rule. *See State v. Eden,* 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989) (we apply same canons of construction to rules of procedure as those applied to statutes, and read the procedural rules in accordance with their plain meaning).

According to the plain words of Rule XXIII, a provisional challenge is *permitted*. Rule XXIII(C)(2). Nowhere in the rule does it state that such a challenge is *required* in order to assert a party's right to peremptorily challenge a judge. The first paragraph of the rule states that a party may exercise the right to challenge a judge within ten days of the notice of judge assignment. Rule XXIII(C)(1). It does not indicate that the notice of judge assignment referred to is solely the initial one, but seems to allow a challenge after any notice of judge assignment, whether an initial notice or a subsequent notice following disqualification or recusal of the originally assigned judge. Furthermore, the waiver section of the rule does not clearly state that a party failing to utilize a provisional challenge waives the right to peremptorily challenge a judge. Instead, it states only that failure to properly exercise a peremptory challenge or provisional challenge constitutes a waiver of the right to file a peremptory or provisional challenge. Rule XXIII(C)(4). As the rule stands, the most reasonable interpretation of it is that each party has a right to exercise a peremptory challenge within ten days of the initial notice of judge assignment or a subsequent notice of judge assignment, if the first judge is excused or recuses himself or herself. A party is permitted, however, to move things along by not waiting to find out whether the first judge is challenged, but instead filing a provisional challenge to a different judge within ten days of the initial notice of judge assignment. The rule simply does not make it clear that the only way to exercise a peremptory challenge, if a party does not wish to challenge the judge originally assigned, is to file a provisional challenge.

By this holding, we express no opinion regarding the WCA's authority to require litigants to file a provisional challenge in order to preserve their right to peremptorily excuse a subsequently-assigned judge. We hold only that if the WCA wishes to regulate litigants' ability to excuse a judge by requiring them to file provisional challenges even before they know whether the first judge will be excused, it must use clearer language than that contained in Rule XXIII. *See, e.g.,* former Rule 88.1, N.M.R.Civ.P. (Supp.1985) (if one party has excused the judge first assigned to a case, any other party who wishes to excuse a judge *must* file a provisional notice of election to excuse such judge).

Based on the foregoing, we hold Judge Wiltgen should have honored worker's peremptory challenge and excused himself from this case. All actions taken by Judge Wiltgen subsequent to the challenge, therefore, are void. We reverse and remand this case to the WCA for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

ALARID, C.J., and BIVINS, J., concur.