831 P.2d 608

**Gloria M. RODRIGUEZ, Claimant–Appellant,**

**v.**

**EL PASO ELECTRIC COMPANY, Employer, and Mountain States Mutual Casualty Company, Insurer, Respondents–Appellees.**

No. 13115

Court of Appeals of New Mexico.

April 9, 1992.

Wiltgen, the judge assigned to hear the case; (2) Judge Wiltgen erred by not honoring her Affidavit of Disqualification; and (3) the judge's decision was not supported by substantial evidence. We hold that the WCA should have honored Worker's peremptory challenge and reverse. Accordingly, we need not address Worker's remaining issues.

Worker's claim was assigned to Judge Griego on July 18, 1990. Respondents filed a Notice of Peremptory Challenge to Judge Griego on July 19, 1990. The case was reassigned to Judge Wiltgen on August 2, 1990. Worker filed her notice of peremptory challenge to Judge Wiltgen on August 14, 1990, twelve days after he was assigned to the case. Respondents moved to strike Worker's Notice of Peremptory Challenge on the ground it was untimely filed under Formal Hearing Rule XXIII, New Mexico Department of Labor, Workers' Compensation Division (June, 1989). Worker filed an Affidavit of Disqualification against Judge Wiltgen, who refused to honor the affidavit. Judge Wiltgen subsequently granted Respondents' motion.

While Worker's appeal was pending, we decided that Rule XXIII permits, but does not require, a provisional challenge within ten days of the original judge assignment. *Wineman v. Kelly's Restaurant,* 113 N.M. 184, 184–85, 824 P.2d 324, 324–25 (Ct.App.1991). A party may wait for the subsequent judge assignment, as Worker did in this case, and then file a peremptory challenge to that judge. *Id.* at 185, 824 P.2d at 325. Thus, Worker's failure to disqualify Judge Wiltgen within ten days of Judge Griego's assignment on July 18, 1990, did not bar her subsequent peremptory challenge to Judge Wiltgen. This would end our inquiry were it not for the fact that Worker's challenge to Judge Wiltgen was filed twelve days after the filing of the Notice of Reassignment.

Rule XXIII(C) provides, in pertinent part, as follows:

(1) The right to excuse a Workers' Compensation Judge shall be exercised not later than ten (10) days from the date that the Notice of Judge Assign-

Pedro P. Palacios, Las Cruces, for claimant-appellant.

Paul Maestas, Kathleen Robertson Finz, Modrall Sperling Roehl Harris & Sisk, P.A., Albuquerque, for respondents-appellees.

## OPINION

MINZNER, Judge.

Worker appeals the disposition order of the Workers' Compensation Administration (WCA) dismissing her claim for benefits. Her contentions on appeal can be broken down as follows: (1) the WCA improperly struck her peremptory challenge to Judge

ment is *issued* by the Clerk. The failure to exercise the right within ten (10) days shall constitute a waiver of the right. Any party who is joined after the initial Notice of Judge Assignment shall exercise the statutory right to excuse not later than ten (10) days after the entry of the order joining that party.

\*    \*    \*    \*    \*    \*

(4) Failure to exercise a peremptory challenge or provisional challenge consistent with the terms of this rule shall constitute a waiver of the right to exercise a peremptory challenge or provisional challenge. [Emphasis added.]

Formal Hearing Rule I(A) provides as follows:

These rules govern the procedure to be followed in formal hearings conducted before Workers' Compensation Judges in the administration of the New Mexico Workers' Compensation Act or the New Mexico Occupational Disease Disablement Law. Except where otherwise provided in these Rules, the Rules of Civil Procedure for the District Courts of New Mexico shall apply.

We initially point out that the basis for Judge Wiltgen's order striking Worker's Notice of Peremptory Challenge was that the notice was not filed within ten days of July 18, 1990, the date of the original Notice of Judge Assignment. Neither Judge Wiltgen nor Respondents suggested below that Worker's notice was untimely because it was not filed within ten days of August 2, 1990, the date Judge Wiltgen was assigned. As stated above, Respondents' interpretation of Rule XXIII was rejected in *Wineman.*

■ While recognizing the holding in *Wineman,* Respondents still argue that Judge Wiltgen properly struck Worker's Notice of Peremptory Challenge. They contend Worker waived any arguments that Judge Wiltgen improperly refused to honor the peremptory challenge by failing to appear at the August 24, 1990 hearing on their motion to strike. Respondents also assert that Judge Wiltgen correctly struck Worker's peremptory challenge because it was not filed within ten days of his assignment to the case.

■ We answer Respondents' first contention summarily. It is generally true that parties may not complain about actions taken at hearings of which they had notice but did not attend. *See, e.g., Marinchek v. Paige,* 108 N.M. 349, 352, 772 P.2d 879, 882 (1989) (entry of default judgment not a violation of due process where party's counsel had notice of hearing but did not attend). At the same time, any actions taken by a judge subsequent to a proper peremptory challenge are void. *See Borrego v. El Guique Community Ditch Ass'n,* 107 N.M. 594, 597, 762 P.2d 256, 259 (1988); *Wineman,* 113 N.M. at 186, 824 P.2d at 326. Assuming that Worker's peremptory challenge was timely filed, Judge Wiltgen could not proceed with the hearing on the motion to strike. *See id.; see also Sundance Mechanical & Util. Corp. v. Atlas,* 109 N.M. 683, 686, 789 P.2d 1250, 1253 (1990) (one jurisdictional element necessary to validity of every judgment is the power or authority to decide the particular matter presented).

■ Worker also argues that her challenge to Judge Wiltgen was timely, even though it was filed twelve days after the Notice of Reassignment was filed. We take special note of her contention that under SCRA 1986, 1–006(D) (Cum.Supp. 1991), she was entitled to an additional three-day mailing period because the notice of Judge Wiltgen's assignment was served on her attorney by mail. Rule 1–006(D) would only apply if the WCA's Formal Hearing Rules do not otherwise provide. Formal Hearing Rule I(A). Respondents contend that Rule XXIII expressly provides otherwise, and that the challenge to Judge Wiltgen was properly stricken because it was untimely.

■ We cannot agree with Respondents that Rule XXIII expressly provides that a notice of peremptory challenge must be *filed* within ten days after the notice of judge assignment is *filed.* Instead, the rule states that the right to challenge a

judge shall be exercised within ten days after the notice of judge assignment is *issued* by the clerk. Rules and regulations adopted by the WCA pursuant to NMSA 1978, Section 52–5–4 (Repl.Pamp.1991) should be definite and certain so the parties know what is expected of them. *See Wineman,* 113 N.M. at 185, 186, 824 P.2d at 325, 326. In interpreting WCA rules, we give effect to the plain meaning of the words used in the rules. *Id.; see also State v. Eden,* 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989).

Our Rules of Civil Procedure allow a party to file a peremptory challenge to a judge within ten days of "mailing by the clerk of notice of assignment or reassignment of the case to a judge." SCRA 1986, 1–088.1(B)(1)(b) (Cum.Supp.1991). Since the clerk is authorized to serve the notice of judge assignment by mail, a party would presumably have an additional three days under Rule 1–006(D) to file his or her peremptory challenge. *Compare Trujillo v. State,* 90 N.M. 666, 667, 568 P.2d 192, 193 (1977) (applying three-day rule to the requirement that counsel has ten days from the date of the clerk's notice to file a memo in opposition to summary disposition) *with Socorro Livestock Mkt., Inc. v. Orona,* 92 N.M. 236, 237, 586 P.2d 317, 318 (1978) (holding that three-day rule only applies when the event starting time running is service). Other states have construed provisions similar to ours to allow additional time for mailing in cases of challenges to judges. *See State v. Schaffer,* 112 Idaho 1024, 739 P.2d 323, 326 (1987); *State v. Seidschlaw,* 304 N.W.2d 102, 104–05 (S.D. 1981); *Duran v. State,* 113 Ariz. 135, 547 P.2d 1049, 1050 (1976) (en banc).

■ Rule XXIII differs from Rule 1–088.1 in that the former speaks in terms of the clerk's issuance of the notice of judge assignment. However, the Formal Hearing Rules do not define "issue." "Issue" has been defined as "[t]o send forth; to emit; to promulgate; * * * [t]o send out, to send out officially; * * * [w]hen used with reference to writs, process, and the like the term is ordinarily construed as

importing delivery to the proper person, or to the proper officer for service, etc." *Black's Law Dictionary* 830 (6th ed. 1990); *Popnoe v. Corbin,* 215 S.W.2d 197, 198 (Tex.Civ.App.1948); *see also State v. Ruffins,* 109 N.M. 668, 669, 789 P.2d 616, 617 (1990) (definition of "issue" in context of forgery statute); *Klutts v. Jones,* 20 N.M. 230, 248, 148 P. 494, 499 (1915) ("issue" means to emit or send forth). We believe that, in the context of Rule XXIII, "issue" contemplates that the clerk will mail or otherwise send out the notice of judge assignment or reassignment. *Cf. Socorro Livestock Mkt., Inc.,* 92 N.M. at 236, 586 P.2d at 317 (three-day mailing period did not apply where event starting time running was entry of judgment). In fact, the parties do not dispute that the notice of Judge Wiltgen's assignment was served by mail in this case. Since the formal hearing rules do not define "issue" or otherwise set out how parties are to be informed of a notice of judge assignment, we conclude that Rule 1–006(D) applies, and Worker had thirteen days to file her Notice of Peremptory Challenge. *See* Formal Hearing Rule I(A).

We express no opinion regarding the WCA's authority to enact a rule requiring parties to file their challenges within ten days of the filing of the judge assignment. We simply hold that the WCA must use clearer language than that used in Rule XXIII if that is its intent. *Wineman,* 113 N.M. at 186, 824 P.2d at 326.

■ We hold that the three-day mailing period of Rule 1–006(D) applies to peremptory challenges exercised under WCA Formal Hearing Rule XXIII. Because Worker's challenge was filed within thirteen days of the filing of the notice of Judge Wiltgen's assignment to the case, the challenge was timely. Accordingly, all actions taken by Judge Wiltgen subsequent to the challenge were void. We reverse the WCA's disposition order denying worker benefits and remand this case to the WCA for further proceedings consistent with this opinion. We decline to award Worker at-

torney fees for this appeal at this time because the amount of her recovery, if any, remains to be determined. In addition to its award of attorney fees below, if any, we direct the new workers' compensation judge to award Worker attorney fees for this appeal if she obtains compensation benefits. *See Nelson v. Nelson Chem. Corp.*, 105 N.M. 493, 497, 734 P.2d 273, 277 (Ct.App.1987).

IT IS SO ORDERED.

PICKARD and FLORES, JJ., concur.