850 P.2d 1031

**Lou Ann ALVAREZ, Claimant–Appellant,**

v.

**COUNTY OF BERNALILLO, Respondent–Appellee.**

No. 14014.

Court of Appeals of New Mexico.

March 12, 1993.

Certiorari Denied April 27, 1993.

Robert G. Marcotte, Albuquerque, for claimant-appellant.

Thomas L. Kalm, Albuquerque, for respondent-appellee.

OPINION

HARTZ, Judge.

Few words in the legal lexicon are as mischievous as the word "void." The absolute victory that it promises often proves illusory. A comfortable word to use to describe certain action in one context, it may be a wholly inappropriate word to describe the same action in another context. This is a case in point.

Worker is pursuing her second appeal to this Court. In the first appeal we rejected her challenge to a compensation order issued by the Workers' Compensation Divi-

sion (WCD).[1] She then moved the WCD to set aside the compensation order on the ground that it was void. Her second appeal challenges the denial of that motion. We affirm.

Our starting point is the use of the word "void" in *Wineman v. Kelly's Restaurant,* 113 N.M. 184, 824 P.2d 324 (Ct.App.1991). Wineman had appealed from an adverse decision of the WCD on the ground that the workers' compensation judge (WCJ) had improperly rejected her peremptory challenge of him. We held that the challenge complied with the WCJ's rules, the WCJ should have excused himself from the case, and "[a]ll actions taken by [the WCJ] subsequent to the challenge, therefore, are void." *Id.* at 186, 824 P.2d at 326; *accord Rodriguez v. El Paso Elec. Co.,* 113 N.M. 672, 831 P.2d 608 (Ct.App.1992).

Worker contends that the WCJ here similarly erred in rejecting her peremptory challenge. In contrast to Wineman, however, Worker did not raise this contention in a direct appeal from the compensation order. In her first appeal Worker did not claim error with respect to the failure of the WCJ to recuse himself from hearing the case. We affirmed the compensation order in an unpublished opinion dated July 11, 1991. Four months later we decided *Wineman.* Shortly after *Wineman* appeared in the State Bar Bulletin, Worker moved pursuant to NMSA 1978, Section 52–5–9 (Repl.Pamp.1991), to set aside the compensation order. The WCJ ruled that the motion was barred by the doctrines of res judicata and law of the case. We rely on res judicata.

Section 52–5–9(B) is the counterpart in our workers' compensation law to New Mexico Rule of Civil Procedure 1–060(B), which is virtually identical to Federal Rule of Civil Procedure 60(b). *See Lucero v. Yellow Freight Sys.,* 112 N.M. 662, 664, 818 P.2d 863, 865 (Ct.App.1991). The language of Section 52–5–9(B) pertinent to this case is the following: "A review [of a compensation order] may be obtained upon application of a party in interest filed with the director [of the WCD] ... upon the following grounds: ... (6) the compensation order is void[.]" The comparable language in SCRA 1986, 1–060(B)(4) and Federal Rule of Civil Procedure 60(b)(4) permits a district court to set aside a judgment on the ground that "the judgment is void." We are guided by judicial decisions and authoritative commentary construing these rules of judicial procedure. *See Lucero,* 112 N.M. at 666, 818 P.2d at 867.

We also are guided by the provisions regarding relief from judgments in Restatement (Second) of Judgments (1980) (the Restatement). The propositions and commentary of the Restatement derive from and contribute to the best legal thinking concerning the proper application of Federal Rule of Civil Procedure 60(b). *See* Restatement, ch. 1, Introduction at 6 ("One of the chief tasks of this Restatement is to state the law of res judicata in terms coordinate with the legislative systems of procedure now in general use, i.e., the Federal Rules and state systems closely similar to them."); *id.* ch. 5, introductory note (noting relationship of chapter to Federal Rule 60(b)). Although the Restatement "[i]n the interest of clarity" avoids the terms "void" and "voidable," *id.* § ch. 5, introductory note c. at 144, it is persuasive authority in determining when a judgment is "void" under Rule 60(b)(4). *See Hodge v. Hodge,* 621 F.2d 590, 592–93 (3d Cir.1980).

The question presented is whether the compensation order denying benefits to Worker was "void" within the meaning of Section 52–5–9(B)(6) because the WCJ rejected Worker's peremptory challenge, even though Worker did not challenge the rejection in her appeal from the compensation order. *Wineman* did not decide that issue. In describing the actions taken by the WCJ in that case as "void," we were holding only that all actions taken by the WCJ subsequent to the peremptory challenge would be set aside on direct appeal.

---

1. At various times the administering agency of the Workers' Compensation Act has been the Workers' Compensation Administration. *See* NMSA 1978, § 52–5–1 (Cum.Supp.1986); § 52–5–1 (Repl.Pamp.1992) (effective January 1, 1991). For convenience we will refer to both entities as the WCD.

When a party does not appeal a rejection of a peremptory challenge, res judicata doctrine comes into play. The law's regard for the finality of judgments and its disfavor of relitigating issues foreclose the relief sought by Worker.

We have found no case directly in point. We find support, however, in (1) the development of the law in California regarding peremptory disqualification of judges and (2) the law regarding challenges to personal jurisdiction.

California courts at one time referred to the actions of a peremptorily disqualified judge as "void," *see, e.g., In re Robert P.,* 121 Cal.App.3d 36, 175 Cal.Rptr. 252, 257 (1981), although the question of the validity of the actions of a peremptorily disqualified judge did not arise in a challenge to a final judgment other than by direct appeal. Subsequent decisions retreated from the earlier terminology, stating that "the actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly raised by an interested party." *In re Christian J.,* 155 Cal.App.3d 276, 202 Cal.Rptr. 54, 56 (1984); *accord Stebbins v. White,* 190 Cal.App.3d 769, 235 Cal.Rptr. 656, 665 (1987). The opinion in *In re Christian J.* cited with approval a discussion in 1 B.E. Witkin, *California Procedure,* Courts § 61(a), at 339–40 (2d ed. 1970), which expressed several reasons for rejecting the proposition that a judgment of a disqualified judge is void for lack of subject matter jurisdiction. One reason was that "to hold that jurisdiction of the subject matter is lacking would mean that all such judgments would be open to *collateral attack* at any time, a highly undesirable result." *Id.* at 340. This view would certainly argue for affirmance in the case before us. We should note, however, that our ruling in this case does not mean that we necessarily endorse all of California law

regarding the review of denials of peremptory disqualifications.[2]

The second source of support, the law regarding challenges to personal jurisdiction, provides a compelling analogy to the situation in this case. Courts commonly state that a judgment entered against a party over whom the court lacks personal jurisdiction is a "void" judgment. *See, e.g., In re Estate of Baca,* 95 N.M. 294, 296, 621 P.2d 511, 513 (1980). Nevertheless, we are confident that the New Mexico Supreme Court would follow the Restatement in prohibiting a party from twice litigating the question of whether a court had jurisdiction over it. Rather than using the term "personal jurisdiction," the Restatement speaks of the requirements of territorial jurisdiction and adequacy of notice. Restatement Section 10(2) states:

A determination of an objection to notice or territorial jurisdiction precludes the party who asserted it from litigating either contention in subsequent litigation.

The comment to the section includes the following illustration 4:

P sues D for $25,000, serving D by delivery of summons to a person at D's summer cottage. By appropriate procedure, D moves to dismiss the action on the ground that the cottage was not his "dwelling house" within the meaning of the applicable rule governing the mode of serving summons. D's objection is overruled. Upon D's failure further to defend the action, judgment is rendered for P. Except by means of appeal from the judgment, D may not subsequently attack the judgment on the ground that notice of the action was inadequate or that the court lacked territorial jurisdiction.

*Id.* at 104. When the Restatement uses the term "subsequent litigation," it includes motions for relief from a final judgment in the court rendering the judgment. *See id.*

---

**2.** For example, California law is apparently inconsistent with *Wineman.* In *Stebbins,* 235 Cal. Rptr. at 666–67 n. 9, the court wrote that "a judgment will be set aside on appeal on the ground of an erroneous rejection of a peremptory challenge of the trial judge only where there is a showing of actual prejudice." Review has

been restricted still further by the California legislature. A prompt petition for a writ of mandate is now the exclusive means of challenging the denial of a peremptory disqualification. *See People v. Hull,* 1 Cal.4th 266, 2 Cal. Rptr.2d 526, 820 P.2d 1036 (1991) (en banc).

cmt. f; ch. 5, introductory note at 140–43; and § 78. Adopting this same view, the discussion of Federal Rule 60(b)(4) in 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* Section 2862 at 201 (1973), states: "[I]f defendant has challenged the court's jurisdiction over his person and this issue has been resolved against him by a final judgment, that judgment is not void, but is res judicata on the issue of jurisdiction." *Accord Springfield Credit Union v. Johnson*, 123 Ariz. 319, 322, 599 P.2d 772, 775 (1979) (motion under the Arizona equivalent of Federal Rule 60(b)(4)).

This doctrine will, of course, on occasion perpetuate error. A trial court that finds that it has personal jurisdiction over a party may be wrong, palpably wrong. But if the wronged party has a fair opportunity to litigate the issue and does not pursue an appeal, the interest in repose prevails over the interest of the party in relitigating the issue, under Rule 1–060(B) or otherwise. This result is not remarkable. Res judicata in general prohibits repeated litigation of the same issue. *See* Restatement ch. 1, Introduction at 10–12.

We see no reason to dilute the application of res judicata doctrine when the issue is the WCJ's failure to honor a peremptory challenge. The right to make a peremptory challenge is like the right to contest personal jurisdiction in that both are matters of personal privilege that a party need not assert. Just as a party who has not been properly served can agree to proceed in the plaintiff's chosen forum, *see* SCRA 1986, 1–012(H) (Repl.Pamp.1992) (defense of lack of personal jurisdiction is waived if not promptly asserted), a party in a workers' compensation proceeding need not exercise a peremptory challenge to a WCJ even though the party has that right. One can view the failure of a party to appeal a refusal to honor a peremptory challenge as a waiver of that personal privilege. *Cf. State v. Latham*, 83 N.M. 530, 494 P.2d 192 (Ct.App.1972) (party may waive disqualification of judge by taking actions inconsistent with disqualification in the course of litigation).

We conclude that a compensation order rendered by a WCJ who improperly failed to honor a peremptory challenge is not a "void" compensation order that may be set aside pursuant to Section 52–5–9(B)(6) after the order has been unsuccessfully appealed on other grounds. Principles of res judicata bar such subsequent litigation. Because of our holding on this question, we need not determine whether in fact the WCJ erred in refusing to honor Worker's peremptory challenge.

We affirm the order denying Worker's motion to set aside the compensation order. We deny the County's motion to dismiss the appeal.

**IT IS SO ORDERED.**

MINZNER, C.J., and PICKARD, J., concur.