852 P.2d 686

**The NEW MEXICO DEPARTMENT OF HEALTH, Petitioner–Appellee,**

v.

**Theresa ULIBARRI, Respondent–Appellant.**

**No. 13971.**

Court of Appeals of New Mexico.

April 7, 1993.

---

Beth Schaefer, Sp. Asst. Atty. Gen., Asst. Gen. Counsel, Office of Gen. Counsel, New Mexico Dept. of Health, Santa Fe, for petitioner-appellee.

Dave Romero, Jr., The Romero Law Firm, P.A., Las Vegas, for respondent-appellant.

## OPINION

MINZNER, Chief Judge.

Employee appeals the district court's reversal of the State Personnel Board's (Board) decision to reinstate her employment. The dispositive issue is whether the district court erred in determining that the Board did not have jurisdiction to hear Employee's appeal because Employee failed to file a timely notice of appeal with the Board.

Based on the reasoning discussed below, we reverse the district court's order and reinstate the Board's decision that Employee was improperly discharged from employment. We issue this opinion while the matter remains assigned to the summary calendar because the facts of the case are not disputed and both parties have filed memoranda in support of their respective positions. *See Garrison v. Safeway Stores,* 102 N.M. 179, 180, 692 P.2d 1328, 1329 (Ct.App.) (general calendar assignment unnecessary when facts are not disputed, both parties have moved for summary disposition, and both have filed memoranda in support of their position), *cert. denied,* 102 N.M. 225, 693 P.2d 591 (1984).

Initially, we note that our first calendar notice proposed to dismiss Employee's appeal before this Court for failure to file a timely notice of appeal with the district court. Although the notice of appeal was filed on time, it was not signed by Employee's attorney. After Employee filed a memorandum in opposition to the first calendar notice, we proposed to construe the failure of the attorney to sign as a technical violation, which in this instance should not prohibit Employee from pursuing her appeal. *See Lowe v. Bloom,* 110 N.M. 555, 556, 798 P.2d 156, 157 (1990); SCRA 1986, 12–312(C) (Repl.1992). Although the Department of Health (Department) filed a memorandum in opposition to the second calendar notice opposing our proposed disposition concerning the merits of Employ-

ee's appeal, the Department did not argue that Employee's appeal to this Court should be dismissed for failure to file a timely notice of appeal. Therefore, we reach the merits of Employee's appeal. *See State v. Sisneros,* 98 N.M. 201, 202–03, 647 P.2d 403, 404–05 (1982) (party opposing proposed disposition in calendar notice must point out error in fact or law in a memorandum in opposition).

## FACTS

Employee was a nursing assistant at Las Vegas Medical Center, a hospital operated by the Department. She was dismissed for failing to conduct rounds every thirty minutes in order to check on patients. In a letter dated October 24, 1990, the Department stated that the effective date of Employee's dismissal would be October 27, 1990. The parties do not dispute that the Department never attempted to serve Employee personally with the termination notice. Instead, Employee's supervisor mailed the termination notice by certified mail, which Employee did not pick up from the post office until November 2, 1990. Employee then filed an appeal with the Board on November 28, 1990.

The Board's hearing officer (hearing officer) determined that it would be inequitable not to hear Employee's appeal on the merits because Employee may have filed her notice of appeal late. The hearing officer independently determined that the Department was required to first attempt to serve Employee personally with the notice of termination prior to serving it by mail. The hearing officer reinstated Employee, and the Board adopted the hearing officer's decision. When the Department appealed to the district court, the district court determined that the Board did not have jurisdiction over Employee's appeal because Employee's notice of appeal to the Board was untimely.

## ANALYSIS

 We begin our analysis by noting that as an employee of the Las Vegas Medical Center, a state facility operated by the Department, Employee is subject to the provisions of the State Personnel Act. *See* NMSA 1978, §§ 10–9–1 to –25 (Repl.Pamp.1992). In our second calendar notice, we proposed to reverse the district court's order. Specifically, we noted that State Personnel Board Rule 1.4(C) (1991) provides that when a notice is served by mail, the "person receiving service shall have three calendar days added to the response time contained in the notice." Thus, in the present case, since Employee's notice of termination was served by mail and stated that she had thirty days to appeal from the date the termination was effective, three days should be added to the time to respond. Adding three days to the time to respond would mean that Employee's notice of appeal to the Board was timely filed on November 28, 1990, because the deadline by which Employee had to file her appeal would be November 29, 1990. We also noted that State Personnel Board Rules 1.4(C) and 18.8(B)(5) (1991) use different language. Rule 1.4(C) refers to a "response time" contained in a notice, and Rule 18.8(B)(5) states that a notice of final action must inform an employee that he or she may "appeal" the disciplinary action to the Board within thirty calendar days of the effective date of the disciplinary action. We proposed to hold that the filing of an appeal constitutes a type of "response" from an Employee, and therefore the three-day mailing rule contained in Rule 1.4(C) applies to the notice of final action contemplated by Rule 18.8(B)(5). *See also Webster's Third New International Dictionary* 1935 (1966) ("response" defined as "an act or action of responding" or an "answer"). We think it is clear that the term "response," as used in Rule 1.4(C), includes the filing of a notice of appeal with the Board.

The parties agree that the State Personnel Board Rules were developed in order to effectuate the purposes of the State Personnel Act. *See* § 10–9–10(A) (duties of board include promulgation of regulations to effectuate Personnel Act). Those regulations are valid if they are in harmony with statutory authority. *Rivas v. Board of Cosmetologists,* 101 N.M. 592, 593, 686 P.2d 934, 935 (1984). In its memorandum filed in response to our second calendar

notice, the Department argues that our proposed interpretation of the Board rules in question would lead to absurd results. The Department argues that because NMSA 1978, Section 10–9–18(A) (Repl.Pamp.1992), provides that an employee's notice of appeal must be filed with the Board within thirty days of the termination notice, the Board may not promulgate a regulation adding three additional days for mailing. To do so, the Department argues, would allow the Board to go beyond the scope of its statutory authority, which is impermissible. *See Rivas*, 101 N.M. at 593, 686 P.2d at 935.

We agree with the basic proposition that an administrative agency must act within its statutory powers; however, we disagree that our interpretation of the Department's rules necessarily results in the agency going beyond its statutory powers. The authority of an administrative agency in making rules or regulations is not limited to those powers expressly granted by statute, but includes all powers that may be fairly implied therefrom. *Redman v. Board of Regents of the N.M. Sch. for the Visually Handicapped*, 102 N.M. 234, 237, 693 P.2d 1266, 1269 (Ct.App.1984), *cert. denied*, 102 N.M. 225, 693 P.2d 591 (1985). While Section 10–9–18(A) does provide that a notice of appeal to the Board shall be filed within thirty days of the notice of termination, we do not interpret this language as prohibiting the Board from adopting a three-day mailing rule to provide due process. *See, e.g., Rodriguez v. El Paso Elec. Co.*, 113 N.M. 672, 674–75, 831 P.2d 608, 610–11 (Ct.App.1992) (Workers' Compensation Administration (WCA) rule interpreted to include three-day mailing rule for filing of peremptory challenge to workers' compensation judge).

The Department next argues that the filing of a notice of appeal from a dismissal of employment is not a "response," and, instead, is a separate action. Therefore, the Department argues, Rule 1.4(C), which provides that an employee has three additional days to respond to notices served by mail, is inapplicable. We disagree. There is no language contained in the Board rules indicating that an appeal to the Board constitutes a separate, independent action. Moreover, we note that the Board rules do not define "response," nor is the term "appeal" excluded from the rule utilizing the term "response." As stated above, the word "response" as used in Rule 1.4(C) implies any type of answer, including a notice of appeal. Our interpretation of Rule 1.4(C) does not necessarily preclude the Board from modifying its rules to clearly state that the three-day mailing rule does not apply to notices of appeal filed with the Board; however, the Board must use clearer language if that is its intent. *See Rodriguez*, 113 N.M. at 675, 831 P.2d at 611 (no opinion expressed regarding WCA's authority to enact rule requiring parties to file peremptory challenges within ten days of filing of judge assignment; held only that WCA must use clearer language if that is its intent).

Insofar as the Department argues that our interpretation reads extraneous language into the Board rules in question, we reject that argument. We construe administrative agency rules in the same manner as we interpret statutes. *Wineman v. Kelly's Restaurant*, 113 N.M. 184, 185, 824 P.2d 324, 325 (Ct.App.1991). The words utilized in a statute are to be given their ordinary meaning. *City of Albuquerque v. Sanchez*, 113 N.M. 721, 725, 832 P.2d 412, 416 (Ct.App.1992). We have interpreted the word "response" in its ordinary meaning (i.e., an answer or the act of responding). Therefore, contrary to the Department's suggestions, we have not read extraneous language into the Board rules.

Finally, in response to the Department's suggestion that this Court has ignored the Board's own interpretation of its rules, we note that while the hearing officer determined that Rule 1.4(C) did not apply to Employee's case, the hearing officer did not specifically interpret the meaning of the rule. The Department fails to acknowledge the discussion contained in our second calendar notice in which we stated that even though the hearing officer may have been incorrect by assuming Rule 1.4(C) did not apply in the present case, we may still

uphold his ultimate conclusion that the Board had jurisdiction over Employee's appeal, *see Williams v. Williams,* 109 N.M. 92, 95, 781 P.2d 1170, 1173 (Ct.App.) (reviewing court may uphold decision if correct for any reason), *cert. denied,* 109 N.M. 54, 781 P.2d 782 (1989), and that we may do so even though Employee's appeal was first presented to the district court. *See Anaya v. New Mexico State Personnel Bd.,* 107 N.M. 622, 625, 762 P.2d 909, 912 (Ct.App.) (*citing Padilla v. Real Estate Comm'n,* 106 N.M. 96, 739 P.2d 965 (1987)) (in reviewing appeals perfected under the State Personnel Act, the scope of this Court is the same as that of the district court), *cert. denied,* 107 N.M. 673, 763 P.2d 689 (1988).

*CONCLUSION*

We hold that Rule 1.4(C) provides that if a notice of employment termination is served by mail, an employee has three additional calendar days to file a notice of appeal with the Board. Accordingly, Employee's notice of appeal was timely filed, and the Board had jurisdiction to hear Employee's appeal. Therefore, the order of the district court is reversed and the cause is remanded to the district court with directions to reinstate the Board's decision.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.