This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41491**

**ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC,**

Plaintiff-Appellee,

v.

**CHRISTINE ANDAZOLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Nancy J. Franchini, District Court Judge**

Nelson and Kennard
Joseph Cooper Gonzales
Lakewood, CO

for Appellee

Christine Andazola
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Christine Andazola appealed following the entry of a default judgment against her. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information has previously been set forth. To very briefly summarize, Defendant has challenged the authority of the district court and the

court-appointed arbitrator to entertain the underlying proceedings and to enter the default judgment against her. [DS 3-10; MIO 1-4] She suggests "possible" procedural irregularities without further specificity, [MIO 2] and she asserts that the proceedings were improper to the extent that they were conducted in a manner inconsistent with contractual provisions. [MIO 3]

{3}      As described in the notice of proposed summary disposition, [CN 2-3] the underlying arbitration proceedings were not conducted pursuant to contractual agreement. Rather, the matter was referred to mandatory arbitration pursuant to LR2-603(B)(1) NMRA ("All cases . . . shall be referred to arbitration when no party seeks relief other than a money judgment and no party seeks an amount in excess of fifty thousand dollars."). The proceedings were conducted accordingly. The record clearly reflects that Defendant was duly notified, and she had the opportunity to be heard; however, Defendant failed either to appear or to participate in good faith. [RP 56-58] As a consequence, default judgment was entered against her pursuant to LR2-603(E)(1)(d) NMRA ("All parties shall participate in good faith in the arbitration proceedings. The arbitrator may enter an award of default . . . against any party failing to participate in good faith."). Under the circumstances, the disposition is readily affirmable. *See, e.g.*, *Fogelson v. Wallace*, 2017-NMCA-089, ¶¶ 11, 17, 406 P.3d 1012 (acknowledging the finality and efficacy of a default judgment entered against a party that failed to appear at an arbitration proceeding). *See generally Rodriguez v. El Paso Elec. Co.*, 1992-NMCA-042, ¶ 8, 113 N.M. 672, 831 P.2d 608 ("[P]arties may not complain about actions taken at hearings of which they had notice but did not attend.").

{4}      Defendant continues to assert that the district court erred in refusing to consider the "Objection and Motion to Dismiss" that she filed after the default judgment was entered. [MIO 3] However, as we previously observed, [CN 3-4] neither objections nor motions to dismiss are among the matters that district court judges are authorized to hear following the appointment of arbitrators under the applicable local rule. *See* LR2-603(E)(1)(a) (indicating that assigned judges "should not hear any matters after an arbitrator is appointed" except a few specified matters, which do not include objections or motions to dismiss). As noted in the final judgment, [RP 68] the arbitrator's entry of an award of default judgment effectively precluded appellate review by the district court. *See* LR2-603(F)(1) ("[A] party may not appeal an award of default, including an award of default entered under Subparagraph (E)(1)(d) of this rule."). Although Defendant suggests that this "neglects the essential judicial oversight" to which she is entitled, [MIO 3] the instant appeal supplies such oversight. *See generally* N.M. Const. art. VI, § 2 ("[A]n aggrieved party shall have an absolute right to one appeal."); *Rogers v. Red Boots Invs., L.P.*, 2020-NMCA-028, ¶ 25, 464 P.3d 1064 ("[T]here are strict limitations on judicial review of arbitration awards." (internal quotation marks and citation omitted)). And although Defendant's conduct may have effectively diminished the scope of the arguments available to her, this supplies no basis for further relief on appeal. *See generally Fenner v. Fenner*, 1987-NMCA-066, ¶ 17, 106 N.M. 36, 738 P.2d 908 (holding, where a party's "failure to appear and defend . . . can only be attributed to [the party's] own voluntary actions, [they] must suffer the consequences").

**{5}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**