762 P.2d 909

**Angelo A. ANAYA, Richard L. Bayer, Anthony S. Maestas, James A. Trujillo, Willie Vega, and Gary C. Latshaw, Petitioners–Appellants,**

v.

**NEW MEXICO STATE PERSONNEL BOARD and New Mexico State Corrections Department, Respondents–Appellees.**

**No. 9721.**

Court of Appeals of New Mexico.

Sept. 8, 1988.

Certiorari Denied Oct. 12, 1988.

E. Justin Pennington, Law Offices of E. Justin Pennington, Albuquerque, for petitioners-appellants.

Hal Stratton, Atty. Gen., James A. Hall, Maureen Reed, Asst. Attys. Gen., Santa Fe, for respondents-appellees.

## OPINION

APODACA, Judge.

Petitioners appeal from a district court judgment affirming the New Mexico Personnel Board (Board), which in turn had affirmed disciplinary action taken by the New Mexico Corrections Department (Department). The action was taken against several guards at the Penitentiary of New Mexico (Penitentiary) following a prison break in 1983 in which two inmates escaped. The Department dismissed petitioners Anaya and Bayer for disciplinary reasons. The other petitioners were given suspensions ranging from one to five days.

Petitioners raise three issues: (1) whether the Board action was arbitrary, capricious and an abuse of discretion, and thus the district court erred in upholding it; (2) whether there was substantial evidence to support just cause for the action against petitioners; and (3) whether the Board determination of just cause is inconsistent with the law. We hold that petitioners' contentions lack merit with respect to each of these issues and therefore affirm the district court.

1. *Whether the Board Action Was Arbitrary, Capricious and an Abuse of Discretion.*

The two inmates escaped sometime between the afternoon of Friday, February 18, 1983 and 4:30 p.m. on Sunday, February 20, 1983. Petitioners argue that the disciplinary action was arbitrary and capricious because the exact time and manner of the escapes were never established. The Board considered establishment of these facts to be critical with respect to the disciplinary action taken. Petitioners also argue the district court failed to review the entire record on appeal because the court "apparently focused only on the evidence in favor of the agency decision, and ignored substantial evidence to the contrary."

Petitioner Anaya was the officer in charge of cellblock 2 on the evening shifts on February 18, 19 and 20. One of Anaya's assigned responsibilities was to conduct periodic counts of inmates assigned to his cellblock and to verify all inmates were properly accounted for. Anaya was terminated for having failed to follow proper count procedures and negligence in conducting counts of inmates under his supervision.

Petitioner Bayer was terminated for having participated in at least five official counts of inmates in cellblock 2, on February 18, 19 and 20, failing to remove obstructions from cell windows, and for changing the total count figure for the count conducted at 5:30 a.m., on February 19, 1983.

Petitioners Latshaw and Maestas were suspended for, among other grounds, failing to follow proper count procedures. Petitioner Trujillo was suspended for failing to check on one of the inmates who escaped, after receiving an inquiry from a prison officer, and for making a false statement during the escape investigation. Petitioner Vega was suspended for failing to discover the hole in the prison perimeter fence used in the escape.

The exact time and manner of escape is a factual question to be determined by the fact finder, in this case, the hearing officer. The hearing officer's findings, if supported by substantial evidence, will be upheld on appeal. *See Duke City Lumber Co. v. New Mexico Envt'l. Improvement Bd.*, 101 N.M. 291, 681 P.2d 717 (1984). The hearing officer found that following the escape an investigation was conducted by the Department and the New Mexico State Police but that "[n]either report was able to conclusively establish the time, place and manner of escape." The hearing officer also found, however, that, based on the investigations, the Department had a reasonable basis to conclude the inmates escaped undetected during the evening of February 18.

The Department took disciplinary action based on its conclusion that the inmates left the Penitentiary February 18. Thus, the question on appeal is whether there is substantial evidence to support the hearing officer's finding that the Department had a reasonable basis for its conclusion.

█ Petitioners are correct in contending that whole record review is the standard this court applies in appeals from an administrative decision. *See Duke City Lumber Co. v. New Mexico Env'tl. Improvement Bd.* It does not necessarily follow, however, that in upholding the Board, the district court did not review the entire record. The district court, in an appeal from an administrative proceeding, does not reweigh the evidence nor substitute its judgment for that of the administrative fact finder. *Tapia v. City of Albuquerque*, 104 N.M. 117, 717 P.2d 93 (Ct. App.1986). To determine whether the district court erred in upholding the decision of the Board, this court independently examines the entire administrative record to determine whether the decision of the hearing officer was not arbitrary and capricious, was supported by substantial evidence, and was within the scope of the administrative body's authority. *Id.* In reviewing appeals from the district court perfected under the Personnel Act, NMSA 1978, Sections 10–9–1 to –25 (Repl.Pamp. 1987), the scope of our review is the same

as that of the district court. *Padilla v. Real Estate Comm'n*, 106 N.M. 96, 739 P.2d 965 (1987); *Jiminez v. Department of Corrections*, 101 N.M. 795, 689 P.2d 1266 (1984). Under Section 10–9–18(G), a reviewing court on appeal must affirm the decision of the Board "unless the decision is found to be: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence; or (3) otherwise not in accordance with law." *See also Perkins v. Department of Human Services*, 106 N.M. 651, 748 P.2d 24 (Ct.App.1987). Thus, we must determine whether, on balance, the record as a whole contains substantial evidence to support the hearing officer's finding. *See Tapia v. City of Albuquerque.*

█ Having reviewed the record proper and transcript of proceedings, we conclude that the finding is supported by substantial evidence. A report from the New Mexico State Police, which is part of the record and introduced without objection, indicates that more than one confidential informant reported the inmates never returned to their living unit after a class on the afternoon of February 18 and that they left the Penitentiary after dark that evening. The report includes evidence that the inmates were in class until 3:30 p.m. on the afternoon of February 18, that their books were later found under the modular school building where they had attended class, that there was room to crawl under the modular building, and that the area where the fence was cut was almost directly across from that building. The report also indicates that, at the time of his arrest on February 20, one of the escapees, Velasquez, told Agent Ortiz of the Santa Fe Sheriff's Office that he had been out of the Penitentiary since the prior day. It is unclear whether Velasquez was referring to Friday or Saturday. The report also includes a statement that Velasquez told Santa Fe County Deputy David C de Baca that he had been out for two nights. The Penitentiary report includes the information that the inmates attended a class on February 18 until 3:30 p.m. and that it was believed they hid under the modular building until they thought it was safe to cut the fence. Addi-

tionally, testimony by the Penitentiary warden verified the textbooks were found under the modular building.

The only contrary evidence was that two corrections officers believed they had seen inmate McDonald, the other escapee, inside the penitentiary on Saturday, February 19. Also, a head count in cellblock 2, where the escapees were housed, did not come up short until the afternoon of February 20. However, the accuracy of these counts was at issue and was one of the reasons disciplinary action was taken against petitioners.

Based on this evidence, the hearing officer, as the fact finder responsible for weighing conflicting evidence, could reasonably find that the Department had a reasonable basis to conclude the escape occurred during the evening of February 18. We thus hold that the Board's action was not arbitrary, capricious or an abuse of discretion.

2. *Whether There Was Substantial Evidence to Support Just Cause for Action Against Petitioners.*

Under this issue, petitioners argue that the legal residuum rule requires that an agency decision to terminate an employee must be supported by legally competent evidence and that, although hearsay is admissible in an administrative proceeding, it may not be relied upon to terminate an employee. They contend that information found in the reports by the New Mexico State Police and the Penitentiary contain hearsay on which the Board relied in reaching its decision.

As observed in *Chavez v. Employment Security Comm'n,* 98 N.M. 462, 649 P.2d 1375 (1982), whether the district court judgment, in reviewing an administrative agency decision, is supported by the requisite evidence, depends on whether there is a residuum of legally competent evidence in the record to support a verdict in a court of law.

■ The legal residuum rule does not require that all evidence considered by the administrative agency be legally admissible evidence, but only "that an administrative action be supported by *some* evidence that

would be admissible in a jury trial." *Duke City Lumber Co. v. New Mexico Env'tl. Improvement Bd.,* 101 N.M. at 295, 681 P.2d at 721 (emphasis added). Besides, petitioners do not distinguish between inadmissible hearsay and hearsay that is admissible under one of the exceptions in the rules of evidence. The latter may be used to satisfy the legal residuum rule. *See Young v. Board of Pharmacy,* 81 N.M. 5, 462 P.2d 139 (1969).

■ The record contains other similar corroborative evidence to the same effect that clearly is not hearsay. Testimony adduced at the hearing indicated that prisoner counts were not conducted in accordance with standing orders. Petitioners Anaya and Maestas admitted that they did not follow required procedures involving counts. A review of the whole record supports the findings of the Board and lower court concerning the discipline of petitioners. Also, the report of the Penitentiary includes transcripts of interviews with petitioners Anaya and Trujillo. These interview statements, made during the investigation, would not fall within the definition of hearsay, since they are admissions. *See* SCRA 1986, 11-801(D)(2)(a). Thus, the record contains nonhearsay evidence supportive of the disciplinary action taken against each of the petitioners.

■ In addition, the information contained in the reports compiled by the New Mexico State Police and the Penitentiary was properly admissible under SCRA 1986, 11-803(H), the public records and report exception to the hearsay rule. That exception states:

**H. Public records and reports.** Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth

(1) the activities of the office or agency,

(2) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or

(3) in civil actions and proceedings and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

A report compiled by Lt. Patrick M. Aragon, acting investigator at the Penitentiary, includes the following statements:

It is beleived [sic] at this time that the two residents did not return inside the main Institution when class was let out at 3:30 P.M. 02/18/83. It is further believed that Mcdonald, and Velasquez crawled under the first Modular Education Unit, and hid till they thought it was safe enough to cut the 18″ × 3′ with out been [sic] seen by eather [sic] the Tower 2 Officer, or the Vehicle Patrol Officer.

Once through the opening the two escapeing [sic] inmate's [sic] scaled the 12′ foot outer perimeter fence to gain their freedom from the Institution.

From the evidence and foot prints [sic] found at the escape side [sic] the two inmate's [sic] proceeded across the field in a South/East direction towards State Highway 14.

We hold that these statements, along with other parts of the reports, constitute "findings" for purposes of Rule 11–803(H)(3). *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 505 F.Supp. 1125, 1144 (E.D.Pa.1980) ("we think the term is broad enough to encompass any statement of fact that represents a conclusion on the part of an investigator and that such factual statements need not be formally termed 'findings' in order to come in under 803(8)(C)"). Federal Rule of Evidence 803(8)(C) is the federal equivalent of Rule 11–803(H)(3).

■ Under Rule 11–803(H)(3), reports or records of a regularly conducted activity may be admitted as an exception to the hearsay rule. *See Stone v. Morris*, 546 F.2d 730 (7th Cir.1977) (upholding admissibility of memorandum prepared by correctional employee containing an account of events leading to plaintiff's injuries, where party offering memorandum demonstrated that memorandum was prepared as part of employee's routine duties); *see also Diaz v. United States*, 655 F.Supp. 411 (E.D.Va. 1987) (investigative report admissible where report was compiled pursuant to an internal fact finding investigation).

Although petitioners do not contend the reports are untrustworthy, they do point out collaterally that inmates and suspected accomplices to the escape, whose credibility and trustworthiness are suspect, were sources for the reports. However, it is the trustworthiness of the *report* that is relevant. *See State v. Ramirez*, 89 N.M. 635, 556 P.2d 43 (Ct.App.1976), *overruled on other grounds, Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1982) (it is for the trial court to determine whether the record or report sought to be introduced is sufficiently trustworthy in and of itself).

■ In *Baker v. Elcona Homes Corp.*, 588 F.2d 551 (6th Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979) the court noted that the advisory committee notes to the federal rules of evidence list four suggested factors to be considered in determining trustworthiness. Those factors are: (1) the timeliness of the investigations; (2) the special skill or experience of the official; (3) whether a hearing was held on the level at which conducted; and (4) possible motivational problems. Petitioners had the burden of showing the reports were inadmissible due to a lack of trustworthiness. *Id.* They have not made that argument. They assert, however, that the statements of witnesses included in the reports are hearsay within hearsay and are therefore excluded by SCRA 1986, 11–805. However, the issue on appeal is whether the factual findings made by the investigator were admissible.

■ Petitioners further contend under this issue that the use of hearsay evidence by the Department deprived petitioners of their right to confront and cross-examine witnesses against them. The sixth amendment right to confrontation applies to criminal proceedings. Petitioners cite no authority for applying this right in a civil

proceeding, and we determine that public reports and records shown to fall within the exceptions contained in Rule 11–803(H) are properly admissible. Moreover, the findings of the Board and district court are supported by other evidence contained in the record as a whole.

3. *Whether the Board Determination of Just Cause is Inconsistent With the Law.*

■ Petitioners allege that the Board erred in focusing on the employees' conduct rather than making findings and conclusions to determine the propriety of the agency's acts. We first note the hearing officer concluded that the action taken by the Department was for just cause and should be affirmed. Also, in reviewing the Department's action, it is necessary to review the entire record, including the evidence of misconduct by the employees. *See Tapia v. City of Albuquerque.* Without such review, it is impossible to determine whether the action taken by the Department was appropriate. We also note that two of the petitioners who were dismissed from their jobs, Anaya and Bayer, both had previous unsatisfactory work evaluations. This supports the Department's action in imposing harsher discipline on them than on the other guards involved in this incident.

The action of the Department and the Board is supported by substantial evidence in the record as a whole and further supported by sufficient legally admissible evidence to meet the requirements of the legal residuum rule. The district court is affirmed. No costs are awarded.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.