845 P.2d 865 (1992)
114 N.M. 771
In the Matter of the TERMINATION OF James BOESPFLUG.
James BOESPFLUG, Petitioner-Appellant,
v.
SAN JUAN COUNTY, Respondent-Appellee.
No. 12978.
Court of Appeals of New Mexico.
December 22, 1992.
*866 Jane Bloom Yohalem, The Law Offices of Simon & Oppenheimer, Santa Fe, for petitioner-appellant.
B.J. Baggett, San Juan County Atty., Aztec, for respondent-appellee.

OPINION
PICKARD, Judge.
Petitioner appeals the judgment of the district court upholding the San Juan County Grievance Board's termination of his employment for just cause. Petitioner contends that his procedural due process rights were violated because (1) his pretermination hearing failed to satisfy the minimum due process requirements of notice and an opportunity to be heard; (2) at the post-termination hearing, the hearing officer improperly refused to admit testimony regarding campaign remarks made by his employer, Sheriff Conn Brown; (3) evidence obtained after petitioner was fired regarding misuse of property confiscated by the sheriff's department was improperly admitted; and (4) the burden of persuasion was improperly placed upon petitioner. In a fifth issue raised on appeal, petitioner contends that the appropriate remedy for the procedural due process violations is reinstatement with back pay until a proper hearing takes place. We affirm on issue 1, and we reverse and remand for a new hearing on issue 2 with instructions regarding ambiguities in the record as to whether or not the burden of persuasion was improperly placed on petitioner as raised in issue 4. Issue 3 has been mooted by our reversal. We determine that petitioner is not entitled to reinstatement with back pay until he has shown actual injury from a wrongful discharge.
FACTS
Petitioner was employed by the San Juan County Sheriff's Office from 1982 until his discharge on June 9, 1989. Beginning in 1985, petitioner's duties included managing the evidence room.
When Conn Brown was elected sheriff in November 1988, he wanted to "reorganize" the department, which included plans to computerize the evidence room. At the time, the evidence room and the evidence log were in disorder. In March 1989, Brown (hereinafter "the sheriff") transferred the management of the evidence room from petitioner to another department member, who noticed discrepancies between what was in the log book and what was in the evidence room, and he reported these discrepancies to the sheriff. The sheriff conducted an audit of the evidence room, which revealed that thirty-six items of evidence were missing, including over $1000 in cash, televisions, VCRs, narcotics, and thirteen guns. Petitioner was held responsible for these missing items and was subsequently fired for not being able to account for them.

PRETERMINATION HEARING
Petitioner contends that his pretermination hearing failed to comply with Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), standards and thereby violated his procedural due process rights by failing to (1) provide notice of the charges against him, (2) explain the evidence against him, and (3) provide an opportunity to respond. In affirming the trial court, we hold that the pretermination hearing satisfied due process.
As a permanent public employee of San Juan County, petitioner had a property right in continued employment and could be fired only for just cause. See San Juan County Amended Personnel Ordinance No. 16, § VIII(E)(6)(A) (April 30, 1987). The county could not deprive petitioner of this property right without satisfying procedural due process, which requires some kind of pretermination hearing. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); Loudermill, 470 U.S. at 541-42, 105 S.Ct. at 1492-93. In fulfilling the essential due process requirements of notice and an opportunity to be heard, a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 546, 105 S.Ct. at 1495.
*867 Petitioner contends that his due process rights were violated because he was not notified of all the reasons the sheriff relied on for firing him. The record indicates inconsistent reasons for the firing. The June 5 suspension notice, the June 8 pretermination notice, and the correspondence between petitioner and the sheriff and between petitioner and Lt. Michael Davidson throughout the month of May specify the interrelated charges of mishandling evidence and unsatisfactory responses to requests for information regarding the thirty-six missing pieces of evidence as the reasons for petitioner's discharge. The sheriff identified "gross negligence of * * * duties" as the reason given for firing petitioner in the termination notice. The only details given in the termination notice to support the gross negligence charge refer to mishandling evidence and insufficient explanation of disposition of the missing items. However, at the three-day-long post-termination hearing, the sheriff testified that he also based his decision to fire petitioner on two other incidents about which there is very little information in the record. One incident involved a prisoner, and the other involved a gun with which to shoot dogs. Both incidents were the subject of a separate hearing, which immediately preceded the post-termination hearing and was heard by the same grievance board. In assessing the testimony of the sheriff, the grievance board determined that the sheriff fired petitioner solely on the basis of the reasons given in the pretermination notice. There is no indication that the grievance board was persuaded that the sheriff actually based his decision on any other reason, even though the sheriff testified to the contrary by also listing the prisoner and gun incidents as reasons for the firing. It is the duty of the trier of fact to weigh testimony and determine credibility of witnesses, reconcile inconsistent or contradictory statements, and determine where the truth lies. Westbrook v. Lea Gen. Hosp., 85 N.M. 191, 195, 510 P.2d 515, 519 (Ct.App.), cert. denied, 85 N.M. 228, 511 P.2d 554 (1973). The fact that there may have been contrary evidence which may have supported a different result does not permit an appellate court to weigh evidence. Id. Thus, we hold that petitioner was given adequate notice of the charges against him.
Petitioner claims that he was denied an adequate explanation of the evidence against him because he was not given a copy of the April 1989 evidence-room inventory list. Denial of petitioner's request did not violate due process. Petitioner was repeatedly and adequately informed of the evidence against him regarding the thirty-six pieces of missing evidence, even though he was not given a complete copy of the April 1989 inventory list prior to or at the pretermination hearing. Petitioner directly participated in the 1989 inventory. Petitioner was notified of the result of the inventory as early as May 17, 1989. After the April inventory, petitioner was given a detailed list of the thirty-six unaccounted-for items. In addition, petitioner was asked on May 26 to account for the disposition of these items in writing by May 30, and on June 5, petitioner was notified that he was being put on suspension due to his inadequate responses to requests for information regarding the missing evidence. Petitioner's final notice occurred on June 8, when the sheriff gave petitioner written notice that a pretermination hearing was scheduled for the next day, based on petitioner's mishandling of the evidence. Thus, petitioner was given an adequate explanation of the employer's evidence.
Petitioner's assertion that he was denied an adequate opportunity to respond because he was not allowed to explain his conduct or extenuating circumstances is without merit. Petitioner was not deprived of an opportunity to explain; he was deprived of an opportunity to present witnesses. The pretermination hearing transcript speaks for itself. When the sheriff asked whether petitioner had "some other explanation" for the missing evidence, petitioner's attorney responded, "No." When asked if petitioner had any further documentation, petitioner responded, "Not at this point in time, I don't, no sir." Petitioner was given adequate opportunities to respond.
*868 Petitioner's objection to the denial of his request at the pretermination hearing for more time to document the whereabouts of the evidence is also without merit. Petitioner offered no reason for the request. In fact, petitioner had registered a grievance prior to the pretermination hearing precisely because the sheriff had given him a week's more suspension time with pay than required by the San Juan County procedures to account for the missing evidence.
Due process is a relative concept, and no bright-line test exists as to how elaborate a pretermination hearing must be. Loudermill, 470 U.S. at 542-45, 105 S.Ct. at 1493-95. The importance of the individual's and the administrative body's interests and the nature of the proceedings subsequent to the pretermination hearing affect how much process is due at a pretermination hearing. Id. at 545, 105 S.Ct. at 1495 (citing Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971)). "[T]he existence of post-termination procedures is relevant to the necessary scope of pretermination procedures." Loudermill, 470 U.S. at 547 n. 12, 105 S.Ct. at 1496 n. 12. Post-termination, petitioner was afforded a full evidentiary hearing in which he was able to testify at length about his own conduct and any possible extenuating circumstances. In addition, Marvin Stock and Michael Davidson, the witnesses petitioner was not permitted to call at the pretermination hearing, testified at the post-termination hearing. As recognized in Loudermill, to require more than the essential elements of notice and an opportunity to be heard prior to termination "would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." Id. at 546, 105 S.Ct. at 1495.
In affirming the trial court, we hold that petitioner's pretermination hearing did not violate due process because (1) petitioner was informed of the charges which formed the basis of his termination, (2) petitioner received an adequate explanation of the evidence against him, and (3) petitioner had adequate opportunities to explain his conduct and the whereabouts of the evidence. Petitioner's reliance on Linney v. Board of County Commissioners, 106 N.M. 378, 743 P.2d 637 (Ct.App. 1987), is misplaced because the facts are easily distinguished. The petitioners in Linney were given no specifications regarding the alleged violations, no opportunity to review any evidence, and no written or oral notice that a pretermination hearing was scheduled, and there is no mention that any post-termination hearing took place.

EXCLUSION OF GARCIA TESTIMONY
The issue addressed here is whether the hearing officer's exclusion of the Garcia testimony regarding comments that the sheriff allegedly made during his 1988 political campaign violated petitioner's procedural due process rights. We hold that it was reversible error to deny admission of this evidence.
Although an administrative body is not required to follow the formal rules of evidence, adjudicatory proceedings which involve substantial rights are bound by the fundamental principles of justice and procedural due process. State ex rel. Battershell v. City of Albuquerque, 108 N.M. 658, 662, 777 P.2d 386, 390 (Ct.App. 1989). Embodied in the term "procedural due process" is the opportunity to be heard and to present any defense. In re Protest of Miller, 88 N.M. 492, 498, 542 P.2d 1182, 1188 (Ct.App. 1975), rev'd on other grounds, 89 N.M. 547, 555 P.2d 142 (1976). Apart from providing what he contended was a reasonable explanation for the missing items of evidence, petitioner's sole defense was that the sheriff had a hidden agenda for firing him and that the termination charges were pretextual.
The excluded evidence was offered by witness Garcia, a former reserve deputy who was fired by petitioner. Prior to the firing, the sheriff solicited Garcia to help on the sheriff's 1988 political campaign. Garcia would have testified before the grievance board that the sheriff said (1) "he would like to get rid of [three deputies including petitioner] and get them out of there"; (2) "he would find a way to get them out"; and (3) "he was * * * going to *869 make it hard for them. Give them enough rope; they'll hang themselves."
The excluded evidence is relevant because it directly relates to petitioner's defense. The excluded testimony involved statements about three deputies including petitioner who later filed a civil rights lawsuit against the sheriff based on a series of alleged demotions implemented by the sheriff under the guise of reorganizing the department. It is petitioner's assertion that the alleged demotions from January 1989 to the time of his firing establish a pattern of discrimination. The evidence could also reflect on the sheriff's credibility. Nor is the evidence cumulative, since it is the only evidence depicting the sheriff's possible political motive for the firing.
Respondent claims that any probative value of the testimony was outweighed by its unfairly prejudicial effect. Respondent's contention that the testimony has limited probative value is apparently based on the view that the statements were mere campaign rhetoric. Perhaps the fact-finder would discount the testimony for that reason, but the fact-finder should have the opportunity to hear the testimony. Respondent offers no explanation of how the testimony would be unfairly prejudicial. We therefore reject this argument. Respondent also asserts the following bases for excluding the evidence: (1) it fits SCRA 1986, 11-801(C)'s definition of hearsay; (2) petitioner should have tried to introduce the evidence again on cross-examination of the sheriff; and (3) even if it was error to exclude the testimony, it was harmless error because the grievance board had already heard the gist of the evidence. None of the bases for exclusion is persuasive. The hearsay rules do not apply to administrative hearings. See SCRA 1986, 11-1101; Ferguson-Steere Motor Co. v. State Corp. Comm'n, 63 N.M. 137, 143, 314 P.2d 894, 898 (1957). In any case, the excluded testimony looks quite similar to the nonhearsay admission of a party opponent, see SCRA 1986, 11-801(D)(2)(a), and appears to come within the exception to the hearsay rule for statements concerning the declarant's intent, plan, or motive, see SCRA 1986, 11-803(C). We see no reason why petitioner's failure to elicit the evidence on cross-examination of the sheriff forecloses his objection to the exclusion of Garcia's testimony. After all, the hearing officer had given as the reason for excluding Garcia's testimony that it was mere campaign talk, so the evidence would likely have been excluded in cross-examination also. In rejecting this contention by respondent, we note that respondent has provided us with no argument or citation to authority in support of its position. See In re Adoption of Doe, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). The grievance board did not have an opportunity to hear the excluded testimony because the offer of proof was specifically made outside the presence of the board. Although petitioner's attorney commented on the excluded testimony, his comments did not contain the substance of Garcia's testimony; nor does a remark made by a party's attorney constitute evidence. Fitzsimmons v. Fitzsimmons, 104 N.M. 420, 427, 722 P.2d 671, 678 (Ct.App.), writ quashed, 104 N.M. 378, 721 P.2d 1309 (1986).
For the exclusion of testimonial evidence to qualify as reversible error, petitioner must show that there is a reasonable possibility that the denial of admission of the evidence contributed to the outcome of the case. State v. Garcia, 100 N.M. 120, 123, 666 P.2d 1267, 1270 (Ct.App.), cert. denied, 100 N.M. 192, 668 P.2d 308 (1983); see, e.g., State v. Shade, 104 N.M. 710, 727, 726 P.2d 864, 881 (Ct.App.), writ quashed sub nom. Vincent v. State, 104 N.M. 702, 726 P.2d 856 (1986). We hold that it was reversible error for the hearing officer to deny admission of noncumulative, nonhearsay evidence that was relevant to petitioner's defenses. Cf. State v. Elliott, 96 N.M. 798, 635 P.2d 1001 (Ct.App.), cert. denied, 97 N.M. 483, 641 P.2d 514 (1981).

ADMISSION OF EVIDENCE NOT RELIED ON FOR TERMINATION
Petitioner contends that admission of evidence regarding misuse of evidence-room property which his employer did not discover until after his termination violated his due process rights because he was not notified *870 of the evidence prior to the post-termination hearing. We do not need to address this issue. Since we have already determined that petitioner is entitled to a new hearing on other grounds, petitioner now has sufficient notice of the testimony in question for purposes of the new hearing.

BURDEN OF PERSUASION
Petitioner asserts that the burden of persuasion was erroneously placed on him during the post-termination hearing. The record is ambiguous on this point. Although there was discussion as to which party was to go first, it is not clear that petitioner had to carry any burden of persuasion. The grievance board upheld the termination on the basis of a finding of just cause for the termination. While it appears that the hearing officer erred by requiring petitioner to proceed first with his evidence, we are confident that this will not happen again on remand.

REINSTATEMENT WITH BACK PAY
Petitioner contends that the remedy for a procedural due process violation is reinstatement with back pay until the procedural defects have been cured at a new hearing. Petitioner relies on Skeets v. Johnson, 805 F.2d 767 (1986), rev'd on other grounds, 816 F.2d 1213 (8th Cir.1987), and Redman v. Board of Regents of New Mexico School for the Visually Handicapped, 102 N.M. 234, 693 P.2d 1266 (Ct.App. 1984), cert. denied, 102 N.M. 225, 693 P.2d 591 (1985), in support of this contention. Petitioner misconstrues both cases. Redman makes no mention of reinstatement or back pay. The court in Skeets did award back pay and reinstatement; however, Skeets involved a 42 U.S.C. Section 1983 action in which the petitioner was summarily terminated with no opportunity for a pretermination or post-termination hearing. Skeets, 805 F.2d at 775. Skeets based its decision explicitly on the denial of a pretermination hearing and the need for a back-pay remedy as an incentive to grant such hearings. Even were we to agree with Skeets, it has no application in this case because we have found the pretermination hearing here to have satisfied due process. It is unnecessary to determine what compensatory damages, reinstatement, or back pay petitioner may be entitled to until he shows that he was wrongfully terminated.

CONCLUSION
Accordingly, we affirm the trial court on the issue of minimum due process requirements. We reverse and remand for a new hearing on the issue of the exclusion of evidence regarding the sheriff's campaign remarks. To the extent that any burden of production was placed on petitioner, it was error to do so. Petitioner is not entitled to reinstatement with back pay at this time.
IT IS SO ORDERED.
HARTZ, J., concurs.
DONNELLY, J., specially concurs.
DONNELLY, Judge (specially concurring).
I agree with the result and analysis of the majority opinion except for the discussion concerning Petitioner's contention that the burden of persuasion was improperly placed upon him during the post-termination hearing. In my opinion, the record supports Petitioner's claim that the hearing officer erred in requiring him to carry the burden of proof at the termination hearing.
In the instant case, the hearing officer required Petitioner to proceed first with the evidence. This procedure improperly shifted the burden of proof upon Petitioner, since the order of presentation of evidence generally follows the burden of proof. See Newell v. Richards, 323 Md. 717, 594 A.2d 1152, 1160 (1991); American Ice Co. v. Fitzhugh, 128 Md. 382, 97 A. 999, 1000 (1916); see also Brownlee v. Williams, 233 Ga. 548, 212 S.E.2d 359, 364 (1975).
In administrative proceedings involving the termination of an employee, as in judicial actions, the burden of proof is generally upon the party asserting the affirmative of an issue. See Florida Dep't of Health & Rehabilitative Servs., Div. of Health v. Career Serv. Comm'n, 289 So.2d 412, 414-15 (Fla. Dist. Ct. App. 1974) (law requires agency which has terminated employee *871 based upon stated reasons to carry the burden of proving such allegations); see also Johnson v. Department of Police, 575 So.2d 440, 443 (La. Ct. App. 1991) (burden of proof on appeal as to factual basis for disciplinary action is on the appointing authority); Thompson v. Secretary of State, 19 Or. App. 74, 526 P.2d 621, 624 (1974) (public employer required to establish facts to support charges supporting dismissal or suspension of employee); Western Ctr., Dep't of Pub. Welfare v. Hoon, 143 Pa. Cmwlth. 212, 598 A.2d 1042, 1044 (1991) (appointing authority has burden of proving existence of just cause for removal of employee); cf. Anaya v. New Mexico State Personnel Bd., 107 N.M. 622, 628, 762 P.2d 909, 915 (Ct.App. 1988) (agency action resulting in termination of employee for unsatisfactory work performance held supported by substantial evidence). See generally Wallace v. Wanek, 81 N.M. 478, 468 P.2d 879 (Ct.App. 1970) (party who alleges the affirmative must prove such contention).
I would not rest reversal here solely upon the hearing officer's exclusion of the evidence sought to be presented by Petitioner. In my opinion, the termination proceeding conducted below also improperly placed the burden of proof upon Petitioner; hence, the proceeding violated procedural due process.